Mark **DUCEPT**, Appellant,

v.

**STATE of Missouri, Respondent.**

No. 55802.

Missouri Court of Appeals,
Eastern District,
Division Two.

June 6, 1989.

Craig Allan Johnston, Columbia, for appellant.

John Munson Morris III, Jefferson City, for respondent.

GARY M. GAERTNER, Judge.

Movant/appellant, Mark Ducept, appeals the denial of his Rule 24.035 motion for post-conviction relief, without an evidentiary hearing. We find defendant's contention without merit and therefore affirm.

The record reveals that movant pled guilty to one count of robbery in the first degree and one count of armed criminal action on January 6, 1987. Movant was sentenced on January 20, 1987, to fourteen years imprisonment for robbery in the first degree and three years for armed criminal action. The sentences were set to run consecutively.

Subsequently, on April 18, 1988, defendant moved pro se under Rule 24.035 for post-conviction relief. Counsel was appointed to represent appellant who filed an amended Rule 24.035 motion on July 1, 1988. Movant claimed that he was denied effective assistance of counsel. Appellant's motion alleged that counsel failed to thoroughly investigate the State's case, failed to talk to movant about possible defenses such as entrapment and not guilty by reason of mental disease or defect, and that trial counsel failed to file a motion to suppress movant's statements of confession which were given under duress while intoxicated. Movant argued that because of ineffective assistance of counsel his guilty plea could not have been a voluntary, knowing and intelligent decision.

On appeal, movant asserts as error the motion court's dismissal of his motion pursuant to Rule 24.035, without an evidentiary hearing. Under Rule 24.035 the decision to hold an evidentiary hearing is within the motion court's discretion. Although subsection 24.035(g) does provide that if the motion and the files and record of the case conclusively show that the movant is entitled to no relief, a hearing shall not be held. In this regard, Rule 24.035(g) is analogous to its predecessor Rule 27.26(e). Therefore we will look to cases interpreting former Rule 27.26 for guidance in our decision.

In a Rule 24.035 motion appeal, appellate review is limited to a determination of whether the findings and conclusions of law of the motion court are clearly erroneous. Rule 24.035(j). Only if a review of the entire record leaves the appellate court with a definite and firm impression that a mistake has been made will we find a judgment clearly erroneous. *Perkins v. State*, 750 S.W.2d 594 (Mo.App., E.D.1988).

■ When an accused pleads guilty, any claim of ineffective assistance of counsel is considered only as to the extent that the alleged ineffectiveness affects the "voluntariness" with which the guilty plea was made. *State v. Motsinger*, 728 S.W.2d 633, 634 (Mo.App., E.D.1987). The standard of review of an alleged ineffective assistance of counsel is whether the defendant entered the plea voluntarily and with an understanding of the plea and its conse-

quences. *Whitworth v. State*, 608 S.W.2d 115, 116 (Mo.App., E.D.1980).

To be entitled to an evidentiary hearing on a post-conviction motion, appellants motion must meet three requirements. First the motion must state facts, not conclusions that warrant relief. Second, the facts stated must raise matters not refuted by the files and record in the case. Third, the matters complained of must have resulted in prejudice to the movant. *Ahart v. State*, 732 S.W.2d 256, 258 (Mo.App., S.D.1987).

It should be noted at the outset that no plea bargain agreement is involved here. First, it is doubtful whether appellant's motion meets the first requirement of *Ahart*. No relief is warranted when a movant states conclusions and not facts. Nevertheless, even if movant's allegations are regarded as statements of fact, each and every assertion is refuted by the record. The colloquy between court and movant at the guilty plea hearing demonstrates movant's satisfaction with counsel's representation and his own mental competence. This conversation, under oath, as well as the absence of any plea agreement assures this court that movant's guilty plea was in fact voluntarily, knowingly and intelligently made. Affirmed.

KAROHL, J., and GRIMM, P.J., concur.