**Roy ATTERBERRY, Jr.,**
**Movant–Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. 16308.**

Missouri Court of Appeals,
Southern District,
Division Two.

Dec. 14, 1989.

against him. ..." The point as stated mirrors the movant's allegations.

The movant is entitled to an evidentiary hearing only if he "(1) allege[s] facts, not conclusions, which if true would warrant relief, (2) these facts must raise matters not refuted by the files and record in the case, and (3) the matters complained of must have resulted in prejudice to the movant's defense." *Short v. State,* 771 S.W.2d 859, 863 (Mo.App.1989); *Ducept v. State,* 772 S.W.2d 7 (Mo.App.1989).

The movant failed to set forth any facts to support his conclusory allegation. The trial court was correct in denying movant's evidentiary hearing.

The judgment is affirmed.

HOGAN, C.J., and FLANIGAN, J., concur.

Raymond L. Legg, Columbia, for movant-appellant.

William L. Webster, Atty. Gen., Elizabeth L. Ziegler, Asst. Atty. Gen., Jefferson City, for respondent.

MAUS, Judge.

The movant, Roy Atterberry, Jr., was charged with the class C felony of forgery. § 570.090.1(4). The movant pled guilty and was sentenced to imprisonment for three years. The movant filed a pro se motion under Rule 24.035 to set aside his plea and sentence. Appointed counsel filed an amended motion incorporating movant's pro se motion. The trial court denied the amended motion without an evidentiary hearing.

Movant's sole point on appeal is the motion court erred in denying him an evidentiary hearing because he pleaded "factual allegations ... that appellant claimed that he received ineffective assistance of counsel which affected his decision to enter a guilty plea to the charged offense by counsel's failure to investigate the charge