**STATE of Missouri, Respondent,**

**v.**

**Alex Lester GARRETT, Appellant.**

**Alex Lester GARRETT, Appellant,**

**v.**

**STATE of Missouri, Respondent.**

**Nos. 58269, 59856.**

Missouri Court of Appeals,
Eastern District,
Division Four.

Oct. 8, 1991.

John A. Klosterman, Columbia, for appellant.

William L. Webster, Atty. Gen., Barbara J. Wood, Asst. Atty. Gen., Jefferson City, for respondent.

KAROHL, Judge.

A jury convicted defendant of Count I stealing, § 570.030 RSMo 1986, Count II resisting arrest, § 575.150 RSMo 1986, and Count III third degree assault, § 565.070 RSMo 1986. The court sentenced defendant to four years imprisonment on Count I, a consecutive term of one year imprisonment on Count II, and a concurrent term of one year imprisonment on Count III. On direct appeal defendant alleges the trial court committed plain error by failing to sua sponte control the state's closing argument. Defendant also appeals from the denial of his Rule 29.15 motion for post conviction relief without an evidentiary hearing. We affirm the judgment of conviction.

On October 25, 1989, defendant and his cousin stole a women's bag in Cape Girardeau, Missouri. The police apprehended defendant that same day. Defendant

forcefully resisted arrest and kicked a jailer twice.

On direct appeal defendant alleges the court committed plain error by failing to sua sponte control the state's closing argument. Defendant argues the following comments of the prosecuting attorney inflamed the passions and prejudice of the jury by personalizing the case.

> We ask you to look at the evidence. Think about it. Use good, old common sense—and we know you've got that. You know, the biggest concern that I have is I don't want you to convict the defendant because it upset [victim] to have her purse stolen. I don't want that at all.

> We really ought not have to guard our personal property. I have been overseas most of my life, and they build fences around things and put glass on top of those fences and mean dogs inside. We don't want that.

Defendant did not object to this argument nor did he complain about the argument in his motion for new trial. Therefore, we review for plain error. Rule 30.20.

There was no impermissible personalization in state's closing argument. *See State v. Matthews*, 790 S.W.2d 271, 272 (Mo.App. 1990). The argument was directed to the necessity for law enforcement. There was no misstatement of fact or law. "A prosecutor's argument which merely points to the need for strong law enforcement and infers the effect of the jury's failure to perform its duty is proper." *State v. Gilmore*, 681 S.W.2d 934, 944 (Mo. banc 1984). We find no manifest injustice or miscarriage of justice resulted from the court's failure to interfere sua sponte with state's closing argument. Point denied.

In his final point, defendant alleges the court erred in denying his Rule 29.15 motion for post conviction relief without an evidentiary hearing. Defendant contends he received ineffective assistance of counsel because counsel did not present evidence to show the venire was selected in a purposefully discriminatory fashion and failed to preserve this issue for appellate review.

The court denied defendant's motion on January 22, 1991. Under Rule 75.01 the court retained control of the judgment for thirty days commencing January 23, and ending February 21. Defendant then had ten days, or until March 4, to file his notice of appeal. Rule 81.04(a). The notice of appeal filed on March 7, was untimely. We dismiss this point for lack of jurisdiction. Nevertheless, we have sua sponte reviewed defendant's allegation and find it is without merit.

The judgment of conviction is affirmed.

SMITH, P.J., and AHRENS, J., concur.