Willie **MILLER**, Appellant,

v.

**STATE** of Missouri, Respondent.

No. 63755.

Missouri Court of Appeals,
Eastern District,
Division One.

Jan. 18, 1994.

David C. Hemingway, St. Louis, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Becky O. Kilpatrick, Asst. Atty. Gen., Jefferson City, for respondent.

CRIST, Judge.

Defendant appeals the denial of his Rule 24.035 motion without an evidentiary hearing. We reverse and remand.

On April 29, 1991, Defendant pleaded guilty to four counts: Count I—Forcible Rape; Counts II and III—Forcible Sodomy; and Count IV—Second Degree Robbery. On June 7, 1991, the court held Defendant's sentencing hearing. At that hearing, the court refused to allow Defendant to withdraw his guilty plea. The court further sentenced Defendant to three terms of life imprisonment on Counts I, II, and III and fifteen years' imprisonment on Count IV. All sentences were ordered to be served concurrently. Defendant subsequently filed a Rule 24.-035 motion for post-conviction relief which was amended by appointed counsel within the time allowed by the court. The motion court denied the motion without an evidentiary hearing.

We find Defendant's claim in Point II decisive. In Point II, Defendant argues the motion court erred in denying a hearing on his claim that his guilty plea was involuntary. The motion court found Defendant's claim was refuted by the record. Defendant asserts the record does not conclusively refute his claim he pleaded guilty while believing he was being sentenced to only one term of life imprisonment plus fifteen years, rather than three concurrent terms of life imprisonment plus fifteen years.

■ Our review of the motion court's denial is limited to determining whether the findings of fact and conclusions of law are clearly erroneous. Rule 24.035(j). If the record "conclusively shows" Defendant is entitled to no relief, then the motion court shall not hold a hearing. Rule 24.035(g); *Goad v. State*, 839 S.W.2d 749, 752 (Mo.App.1992). To be entitled to a hearing, Defendant must plead facts, not conclusions, which if true would warrant relief; allegations must not be refuted by the record; and the matters must have prejudiced him. *Wedlow v. State*, 841 S.W.2d 214, 216[2] (Mo.App.1992).

■ Where a defendant claims to have pleaded guilty based on a mistaken belief about his sentence, the test is whether a reasonable basis exists in the record for such belief. *Scruggs v. State*, 839 S.W.2d 51, 52–53[4] (Mo.App.1992). "Only when it appears that a [defendant's] belief is based on positive representations upon which a movant is entitled to rely will we conclude a movant's mistaken belief is reasonable." *McCall v. State*, 771 S.W.2d 357, 359[2] (Mo.App.1989).

■ The transcript of the guilty plea is inconclusive. At no point in the guilty plea hearing is it clearly stated Defendant is

pleading guilty to three concurrent life sentences. When asked to outline the State's plea recommendation, the prosecutor states: "On Counts I, II, and III, Life, to run concurrent with fifteen (15) years on Count IV, the Robbery Second. All if (sic) them to run concurrent." Following this recital, the court, the prosecutor, and defense counsel continually refer merely to "life imprisonment" or the State's "life recommendation" without delineating it referred to three concurrent terms of life imprisonment. At the sentencing hearing, there was an extended discussion of how a life sentence was calculated to fifty years. However, no mention was made of the difference between one life sentence and three concurrent life sentences. A reasonable basis exists in the record for Defendant's mistaken belief.

The State argues Defendant cannot be prejudiced because he is simply arguing over semantics. It contends Defendant got what he bargained for, life imprisonment, regardless of whether it was three concurrent life terms or one life term. However, collateral consequences exist which can increase Defendant's hardship, including possibility for parole. *See, State v. Reynolds,* 819 S.W.2d 322, 324 (Mo. banc 1991) (Supreme Court rejected the concurrent sentence doctrine used to bar review of more than one count of multiple count conviction with concurrent sentences due to possible collateral legal consequences of multiple convictions).

The State further contends it is not reasonable for Defendant to have believed he would receive only one life sentence on three counts. However, Defendant has only a fourth grade education. In light of that fact and the ambiguous record, it is not possible to determine without an evidentiary hearing whether Defendant was confused about the difference between one life sentence and three concurrent life sentences. Therefore, the facts alleged by Defendant are not refuted by the record and he is entitled to an evidentiary hearing on that issue. *See, Brewer v. State,* 823 S.W.2d 12, 13 (Mo.App. 1991); *Wiles v. State,* 812 S.W.2d 549, 552 (Mo.App.1991).

In light of our remand for an evidentiary hearing, we need not address Defendant's other points on appeal.

Judgment reversed and remanded for an evidentiary hearing.

CRANDALL, P.J., and REINHARD, J., concur.