**Michael TRICE, Movant,**

v.

**STATE of Missouri, Respondent.**

No. 68162.

Missouri Court of Appeals,
Eastern District,
Division One.

March 5, 1996.

Motion for Rehearing and/or Transfer to
Supreme Court Denied April 11, 1996.

Dave Hemingway, Asst. Public Defender, St. Louis, for Appellant.

Jeremiah W. (Jay) Nixon, Attorney General, Christine M. Blegen, Assistant Attorney General, Jefferson City, for Respondent.

KAROHL, Judge.

Michael Trice (movant) appeals denial of his Rule 24.035 motion for post conviction relief without an evidentiary hearing.

The state agrees, on April 29, 1994, "pursuant to a plea agreement, [movant] pled guilty to the charge of first degree tampering." The relevant pleading in the motion for post conviction relief reads:

> My court date was set on April 29, 1994 and on that date [defense counsel] informed me that he had arranged a plea bargain with the state in which I was to plead guilty to the offense charged and in return, the state would not seek to enhance my sentence by use of the prior and persistent offender, the state would agree to run the time received on this sentence concurrent with the sentence that I was already serving, and that the sentence that I would receive would be made retrospective. That is to say that the sentence I received would be ordered to start on March 31, 1992, when my last sentence began.

Movant was sentenced on March 31, 1992, to serve seven years on a charge of illegal possession of a controlled substance (Cause No. 911–03201).

Movant contends "he pled guilty under the mistaken belief his sentence would be credited and run" back to the date he began serving his March 31, 1992 sentence. We review in accord with Rule 24.035(j). In order to be entitled to an evidentiary hearing, movant must (1) plead facts, not conclusions which, if true, would warrant relief; (2) assert allegations not refuted by the record; and, (3) demonstrate prejudice. *Miller v. State*, 869 S.W.2d 278, 279 (Mo.App.E.D. 1994).

After receiving a request by defense counsel to change pleas pursuant to a plea bargain, the court heard the state's recommendation for "a seven year sentence." It sentenced defendant "for a term of seven years, which sentence shall be concurrent with the Cause No. 911–03201." Movant alleged he was informed after he returned to the penitentiary that the sentence in the

present case would not be exactly concurrent with the March 31, 1992 sentence, Cause No. 911–03201. In other words, movant learned the new sentence would begin twenty-five months after his former sentence.

■ Movant alleges in his Rule 24.035 motion the sentence does not conform with the plea bargain. This allegation is not refuted by the record. No one ever defined the plea bargain on the record. Particularly, no one ever determined when the new concurrent sentence would begin or whether the sentence was retrospective so that it would expire at the same time as his former sentence. The record reflects (1) the seven year sentence corresponds with his former sentence, (2) movant was not proven or found to be a prior or persistent offender; and, (3) the court ordered the new sentence be concurrent with his former sentence. We find the motion court could not have concluded in its findings of facts, conclusions of law, order and judgment that "[movant's] allegation that [he] did not understand the nature of the charge and the consequences of the plea is refuted by the record...." We express no opinion as to whether movant can prove his allegation. However, we must reverse and remand to permit movant an opportunity to prove the factual allegation in his motion for post conviction relief which cannot be resolved by review of the guilty plea proceedings.

REINHARD, P.J., and CRANDALL, J., concur.