**STATE of Missouri, Respondent,**

v.

**Shane HABERMANN, Appellant.**

**No. ED 80746.**

Missouri Court of Appeals,
Eastern District,
Division Five.

Dec. 24, 2002.

Nancy Lynne Vincent, Raymund Jared Capelovitch, Assistant Public Defender, St. Louis, MO, for appellant.

Jeremiah W. (Jay) Nixon, Attorney General, Andrea Mazza Follett, Assistant Attorney General, Jefferson City, MO, for respondent.

SHERRI B. SULLIVAN, Judge.

### Introduction

Shane Habermann (Appellant) appeals from the judgment of the trial court entered upon a jury verdict convicting him of one court of the Class C felony of second-degree assault, in violation of Section 565.060 RSMo (2000).[1] We reverse and remand.

### Factual and Procedural Background

This case involves a bar fight. Anthony Costa (Costa), the complaining witness, accused Appellant of attacking and stabbing him without provocation outside the bar after Appellant got involved in an argument with another patron. Appellant contended that he was acting in self-defense, because someone from the crowd that had gathered to witness the argument had jumped on top of him, and he could not get the person off by merely hitting him, so he pulled out a knife and swung it to get the person off of him. Appellant stated that he believed the crowd that had gathered was going to attack and severely injure him.

A jury trial was held. The trial court refused to submit a self-defense instruction to the jury on behalf of Appellant, finding that there was insufficient evidence to support such a defense. The jury found Appellant guilty of second-degree assault. Appellant appeals from the judgment of the trial court entered upon that jury verdict.

### Point Relied On

Appellant maintains that the trial court clearly erred in refusing to instruct the jury on self-defense pursuant to Instruction A, a self-defense instruction based on MAI–CR3d 306.06 and Instruction B, an accompanying verdict director for second-degree assault. Appellant asserts that the evidence provided a basis under which a jury might reasonably have concluded that Appellant's actions which resulted in Costa's injuries were taken in self-defense and acquitted Appellant.

---

1. All further statutory references are to RSMo (2000), unless otherwise indicated.

*Standard of Review*

 We will reverse due to instructional error if there is error in submitting an instruction and prejudice to the defendant. *State v. Westfall*, 75 S.W.3d 278, 280 (Mo.banc 2002). To ascertain whether or not the omission of language from an instruction is error, the evidence is viewed in the light most favorable to the defendant and the theory propounded by the defendant. *Id.* If the evidence tends to establish the defendant's theory, or supports differing conclusions, the defendant is entitled to an instruction on it. *Id.*

 The general rule is that an instruction must be based upon substantial evidence and the reasonable inferences therefrom. *Id.* Substantial evidence of self-defense requiring instruction may come from the defendant's testimony alone as long as the testimony contains some evidence tending to show that he acted in self-defense. *Id.* Moreover, an instruction on self-defense must be given when substantial evidence is adduced to support it, even when that evidence is inconsistent with the defendant's testimony. *Id.* at 280–281.

*Discussion*

In support of his point, Appellant states that there was evidence to support the giving of a self-defense instruction, because substantial evidence showed Costa initiated the incident with Appellant, who reasonably believed he was in danger of being seriously beaten and hurt. This evidence comes from the testimony of Appellant as well as others present at the scene, including Joseph Baer (Baer), James J. Sinovic, Jr. (Sinovic), Greg Koenig (Koenig), and David Eigelberger (Eigelberger). The testimony cited by Appellant supports the following version of events.

A large patron from whom Appellant had requested a cigarette in the parking lot approached him and became loud and aggressive. Appellant responded in kind. The two threw punches at each other. People in the crowd that had gathered became involved in the fight. The crowd shouted and swore at Appellant. Appellant thought the crowd would jump him and severely beat him. Appellant began bouncing up and down, trying to locate his friends, who had gone off in search of women. Appellant is 5'8" tall and weighs between 150–160 lbs., and had seen crowds beating people in bar fights before with grave consequences.

As Appellant hopped and circled around, someone, he does not know who, hit him on the head. Then someone threw him to the ground. Someone hit or kicked Appellant in the head while he was on the ground. Someone was on top of Appellant, and Appellant tried to hit this person but his efforts were ineffective in getting the person off of him. At this point, Appellant reached into his pocket, grabbed his knife, and swung it to get the person off of him. Appellant believed his friends had left and he was going to get seriously hurt.

This person at whom Appellant swung the knife was Costa. In swinging the knife, Appellant slashed Costa's throat.

 In order to claim self-defense, the defendant (a) must not have provoked or been the aggressor in the assault; (b) must have reasonable grounds for the belief that he is faced with immediate danger of serious bodily injury; (c) must not use more force than that which appears reasonably necessary; and (d) must do everything in his power consistent with his own safety to avoid the danger and must retreat if retreat is practicable. *State v. Williams*, 815 S.W.2d 43, 48 (Mo.App. W.D.1991).

As discussed by the Missouri Supreme Court in *State v. McQueen*, 431 S.W.2d

445, 448–49 (Mo.1968), and noted in many cases since *McQueen*,[2] the quantum of proof necessary to require the giving of a self-defense instruction has been defined in various ways:

> This quantum of proof has been variously defined as "substantial evidence," *State v. Rose, Mo.,* 346 S.W.2d 54; *State v. Baker, Mo.,* 277 S.W.2d 627; *State v. Singleton, Mo.,* 77 S.W.2d 80; "evidence putting it in issue," *State v. Ford,* 344 Mo. 1219, 130 S.W.2d 635; "any theory of innocence * * * however improbable that theory may seem, so long as the most favorable construction of the evidence supports it," *State v. Kinard, Mo.,* 245 S.W.2d 890; "supported by evidence," *State v. Robinson, supra* [Mo., 328 S.W.2d 667]; "any theory of the case which his evidence tended to establish," *State v. Stallings,* 326 Mo. 1037, 33 S.W.2d 914; "established defense," *State v. Sumpter, Mo.,* 184 S.W.2d 1005; and "evidence to support the theory," *State v. Shiles, Mo.,* 188 S.W.2d 7.

■ Appellant claims that someone hit him on the head, jumped on him and knocked him to the ground. We believe this incident is separate from the one between Appellant and the larger anonymous patron. Appellant presents evidence that he was not the initial aggressor in this attack upon him by Costa, the credibility of which is up to the jury to determine.

Furthermore, we find that Appellant presents evidence that he tried to escape from this alleged attack by hitting the person in order to get him off him. Because this was not successful, and Appellant feared serious bodily harm in that the crowd was shouting at him and he had seen bar fights before with serious consequences, he pulled out his knife to get the person off of him.

Viewing the evidence in the light most favorable to Appellant, we find that there is substantial evidence to support the giving of a self-defense instruction. Considering Appellant's version of the events resulting in Costa's injury, there are questions of fact for the jury as to whether Appellant was the initial aggressor in the altercation between Costa and himself, and whether Appellant did everything in his power consistent with his own safety to avoid the danger and/or retreat. Accordingly, the trial court erred in finding, as a matter of law, that the evidence in the case was insufficient to support the giving of a self-defense instruction to the jury. Reference to the record reveals evidence, viewed in the light most favorable to defendant, that supports the submission of a self-defense instruction. *See Weems,* 840 S.W.2d at 226–227.

Accordingly, we find that the trial court erred in refusing to instruct the jury on self-defense pursuant to Appellant's proffered Instruction A, as well as in refusing Instruction B, the accompanying verdict-director for second-degree assault. For the foregoing reasons, Appellant's Point on Appeal is granted.

### Conclusion

Based on the foregoing, the judgment of the trial court is reversed and remanded with instructions to proceed in accordance with this opinion.

LAWRENCE E. MOONEY, C.J., and KATHIANNE KNAUP CRANE, J., concur.

---

**2.** *See State v. Weems,* 840 S.W.2d 222, 226 (Mo.banc 1992); *State v. Morrow,* 41 S.W.3d 56 fn. 1 (Mo.App.W.D.2001); *State v. Strother,* 807 S.W.2d 120, 122 (Mo.App. W.D.1991); *State v. Fincher,* 655 S.W.2d 54, 58 (Mo.App. W.D.1983).