**James HARTMAN, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. ED 83037.**

Missouri Court of Appeals,
Eastern District,
Division Five.

March 30, 2004.

Maleaner R. Harvey, St. Louis, MO, for Appellant.

Andrea K. Spillars, Karen L. Kramer, Jefferson City, MO, for Respondent.

GEORGE W. DRAPER III, Judge.

James Hartman (hereinafter "Movant") appeals the denial of his Rule 24.035 motion for post-conviction relief without an evidentiary hearing. In his Rule 24.035 motion, Movant asserted his guilty plea was not made knowingly, intelligently, or voluntarily, alleging plea counsel made affirmative misrepresentations about a consequence of pleading guilty by assuring Movant that his sentences would run retroactively with previously imposed sentences. We affirm.

Two cases were pending against Movant at the time of his plea. Movant was charged in one cause with driving while revoked in violation of Section 577.010, RSMo (2000)[1], and in the second cause with driving while intoxicated and driving while revoked, in violation of Sections 577.010 and 302.321, respectively. Following negotiations, Movant entered a plea of guilty for each cause. Movant was sentenced to five years in one cause and a total of seven years in the other respectively, both sentences to run concurrently. These sentences were also to run concurrently with previously imposed sentences Movant was already serving.

Movant claimed that upon being delivered to the custody of the Department of Corrections, he learned for the first time that the new sentences would not run retroactively with his previous sentences, as he believed they would. Movant timely filed a *pro se* motion for post-conviction relief pursuant to Rule 24.035. Counsel was appointed and filed an amended Rule 24.035 motion. In his amended motion, Movant asserted plea counsel informed him the new sentences would run concurrently and retroactively with his previous sentences. Movant claimed that had plea counsel not made erroneous assurances, Movant would have pleaded not guilty and insisted on going to trial. After Movant filed his amended motion, the motion court issued findings of fact and conclusions of law. The motion court denied Movant's Rule 24.035 motion without an evidentiary hearing.

Appellate review of the denial of a Rule 24.035 motion is limited to a determination of whether the findings of fact and conclusions of law of the motion court are clearly erroneous. *Ducept v. State*, 772 S.W.2d 7, 8 (Mo.App. E.D.1989) (*citing* Rule 24.035(j)). A judgment will be found clearly erroneous only if a review of the entire record leaves the appellate court with a definite and firm impression that a mistake has been made. *Id.* When the record "conclusively shows" a movant is not entitled to relief, the motion court shall not hold a hearing. *Miller v. State*, 869 S.W.2d 278, 279 (Mo.App. E.D.1994) (*citing* Rule 24.035(g)).

In his sole point on appeal, Movant argues the motion court clearly erred in denying, without an evidentiary hearing, his Rule 24.035 motion for postconviction

---

1. All further statutory references are to RSMo (2000) unless otherwise indicated.

relief, alleging Movant's guilty plea was unknowing, unintelligent, and involuntary because of affirmative misrepresentations made by counsel that Movant's new sentences would run retroactively with his previously imposed sentences. Three requirements must be satisfied for a movant to be entitled to an evidentiary hearing for post conviction relief: (1) a movant must allege facts, not conclusions, which merit relief; (2) the facts alleged must raise matters not refuted by the files and records in the case; and (3) the matters must have resulted in prejudice to the movant. *Gream v. State*, 90 S.W.3d 498, 501 (Mo. App. E.D.2002).

■ Here, Movant alleged facts warranting relief. When a defendant, in deciding whether to enter a guilty plea, relies on plea counsel's affirmative misrepresentations about a consequence of pleading guilty, counsel's incorrect advice may rise to the level of constitutionally ineffective assistance of counsel. *Savage v. State*, 114 S.W.3d 455, 458 (Mo.App. E.D.2003). Movant alleged plea counsel made erroneous representations about the plea agreement that induced him to plead guilty.

However, the record refutes Movant's allegations. Although *Trice v. State*, 920 S.W.2d 97, 98 (Mo.App. E.D.1996) may seem to compel an evidentiary hearing, in this case, we find the limited facts provided in that case are distinguishable. In *Trice*, the movant alleged counsel had informed him that as part of a plea agreement the state would agree to impose a sentence running concurrently and retrospectively with a previous sentence. *Id.* at 97. In holding the movant was entitled to an evidentiary hearing, this Court concluded the movant's allegation that his sentence did not conform with the plea agreement was not refuted by the record. *Id.* at 98. The plea bargain in *Trice* was never defined on the record. *Id.* There-

fore, this Court concluded the motion court could not have found the movant's allegation that he did not understand the consequences of the plea agreement to be refuted by the record. *Id.*

Here, on the other hand, the plea agreement was defined on the record. The consequences of the plea agreement were articulated in the guilty plea petition signed by Movant and again at Movant's plea hearing. In Movant's Petition to Enter a Plea of Guilty and at the plea hearing, the sentences articulated were for concurrent sentences, not concurrent and retroactive. Movant responded affirmatively when asked if he understood the agreement. Thus, the motion court did not clearly err in finding the record refuted Movant's assertion that he believed his sentences would run concurrent and retroactive.

The instant case is more akin to *Peiffer v. State*, 88 S.W.3d 439, 446 (Mo. banc 2002). The movant in *Peiffer* alleged his attorney told him a guilty plea would not affect his date for earlier release on another sentence. *Id.* at 445. The movant claimed this erroneous assurance caused him to believe he would receive credit for time served on his earlier case. *Id.* However, the movant did not allege that his attorney specifically told him he would be given this credit. *Id.* at 445–46. At his plea hearing, when asked if any other promises outside of the plea agreement for concurrent sentences were made to induce his plea, the movant replied "no." *Id.* at 446. The court held that the movant's allegation that his plea counsel erroneously assured him about a consequence of pleading guilty was refuted by the movant's statements that no other promises outside of the plea agreement had been made to induce his plea. *Id.*

Here, Movant concedes his allegation of plea counsel's erroneous assurance consti-

tutes a promise apart from the plea agreement to induce him to plead guilty. However, the Petition to Enter a Plea of Guilty, signed by Movant, states "Other than the above plea agreement, if any, no other promises or agreements have been made for my plea of guilty." Movant also told the motion court no promises or threats had been made to induce his guilty plea. Therefore, the record refutes Movant's allegations and Movant was not entitled to an evidentiary hearing.

Based on the foregoing, we find the motion court did not clearly err in denying Movant's Rule 24.035 motion without an evidentiary hearing.

We affirm.

SHERRI B. SULLIVAN, C.J., and BOOKER T. SHAW, J., concur.