Sherron WILSON, Movant/Appellant,

v.

STATE of Missouri, Respondent.

No. ED 85405.

Missouri Court of Appeals,
Eastern District,
Division Five.

Nov. 22, 2005.

Deborah Daniels, Ronald Ribaudo (co-counsel), Jefferson City, MO, for respondent.

Gwenda Robinson, St. Louis, MO, for appellant.

GLENN A. NORTON, C.J.

Sherron Wilson (Movant) appeals from a judgment denying his Rule 24.035 motion for post-conviction relief without a hearing. We affirm.

Movant was charged with assault against a fellow inmate at Potosi Correctional Center. Pursuant to a plea agreement, Movant pleaded guilty to the charge. The trial court sentenced him to seven years imprisonment, concurrent with the sentence he was currently serving. Movant timely filed a *pro se* Rule 24.035 motion, which appointed counsel amended. The motion court denied the motion without a hearing. Movant appeals.

### 1. Jurisdiction

■ In response to Movant's appeal, the State has initially raised a question concerning the jurisdiction of this Court. The State asserts that Movant's notice of appeal is untimely. The State asserts that the motion court's judgment denying Movant's motion was final on the day it was entered, October 1, 2004. Therefore, the State argues that Movant's notice of appeal was due ten days thereafter on October 11, 2004 under Rule 81.04(a).[1] Because Movant's notice of appeal was not filed until November 9, 2004, the State contends it is untimely.

We disagree. Rule 24.035(a) specifically provides that post-conviction motions are governed by the rules of civil procedure. Under those rules, specifically Rule 75.01, the trial court retains jurisdiction over its judgments for thirty days and thus, they do not become final until thirty days has elapsed. This Court and other appellate courts of Missouri have long held that in post-conviction proceedings, Rule 75.01 provides that the motion court's judgment is not final until thirty days has elapsed and a movant has ten days thereafter in which to file a notice of appeal. *State v. Garrett,* 816 S.W.2d 309, 310 (Mo.App. E.D.1991); *State v. Mackin,* 927 S.W.2d 553, 557 (Mo.App. S.D.1996); *State v. Nicks,* 883 S.W.2d 65, 69–70 (Mo.App. S.D. 1994).

The State argues that Rule 75.01 does not apply and the judgment denying a Rule 24.035 motion is final when entered, because Rule 24.035(k) states that the denial of a Rule 24.035 motion is "deemed a final judgment for purposes of appeal." The State asserts that since Rule 24.035 is more specific than Rule 75.01, it should be applied instead of Rule 75.01. Further, the State argues that none of the cases have specifically addressed its argument and therefore, are distinguishable.

Again, we disagree. The language in Rule 24.035 that a denial is "deemed a final judgment" is language that was used in its predecessor, Rule 27.26.[2] In interpreting that language in Rule 27.26, the Missouri Supreme Court applied the rules of civil procedure (then Rule 82.05) to conclude that an order overruling a 27.26 motion became a final judgment for purpose of appeal thirty days after it was entered. *State v. Gullett,* 411 S.W.2d 227, 228 (Mo. 1967); *See also, Winston v. State,* 533 S.W.2d 709, 713 (Mo.App. E.D.1976) (applying *Gullett* ). Because the language in question has already been interpreted by the Missouri Supreme Court and was retained when Rule 24.035 was adopted, this Court sees no reason to depart from *Gullett.*

---

1. October 11, 2004 was Columbus Day, a state holiday. Under the State's theory, the notice of appeal would actually be due on October 12, 2004. Rule 44.01(a).

2. Rule 27.26 (1966) stated: "An order sustaining or overruling a motion filed under the provisions of this Rule shall be deemed a final judgment . . . ."

Therefore, the motion court's judgment denying Movant's Rule 24.035 motion was final thirty days after it was entered on October 1, 2004, and his notice of appeal was due by November 12, 2004. Rule 81.05(a); Rule 44.01(a); Rule 81.04(a). Movant's notice of appeal, which was filed on November 9, 2004, was timely.

## 2. Movant's Claim

In his sole point on appeal, Movant contends the motion court clearly erred in denying his motion without an evidentiary hearing, because he pleaded that his plea counsel was ineffective for failing to discuss a viable defense of self-defense with him prior to his guilty plea and for failing to advise him that he could proceed to trial with this defense. Movant's claim of self-defense, as pleaded in his motion, was that he used the force "he believed was necessary to defend himself from what he reasonably believed was the victim's attempted sexual assault of him."

Appellate review of a motion court's ruling on a Rule 24.035 motion is limited to determining whether the findings of fact and conclusions of law of the motion court are clearly erroneous. Rule 24.035(k). The motion court's findings and conclusions are clearly erroneous only if, after a review of the entire record, the appellate court is left with the definite and firm impression that a mistake has been made. *Weeks v. State*, 140 S.W.3d 39, 44 (Mo. banc 2004). A movant is only entitled to a hearing on a Rule 24.035 motion if the motion alleges facts, not conclusions, that would warrant relief if true, the facts are not refuted by the record, and the movant has suffered prejudice from it. *Hartman v. State*, 130 S.W.3d 727, 729 (Mo.App. E.D.2004).

At the guilty plea hearing, the plea court discussed the charges with Movant. The following colloquy occurred:

Q. Tell me in your own words what you did on or about February 19th, 2003, that led to this charge being filed against you?

A. I was in the cell with this guy by the name of Marvin Lotts and we got into a fight and they put him in handcuffs because he is about to see the nurse, so I hit him while he was in handcuffs because he is over my size and the only thing that he was doing in the cell with me is grabbing me and trying to wrestle with me. I told the CO's I wanted to get out of the cell and the [CO's] wouldn't let me out of the cell, so I beat him while he was in handcuffs.

Q. So, while he was in handcuffs is it true that you smashed his head into a steel door?

A. Yes, it's true, but nothing happened to him until we fell on the ground.

Q. Under the elements of the case it is not required—I'm not asking you if there was physical damage, blood, or whatever. Did you, in fact, smash his head against this steel door?

A. Yes.

Q. And, did you, in fact, hit him in the back of the head?

A. Yes.

Under the facts as presented by Movant in his own testimony at his plea hearing, Movant would not have had a viable defense of self-defense. The use of force in self-defense is justified if a defendant can show (1) an absence of aggression on his part; (2) reasonable grounds for him to believe he was faced with immediate danger of serious bodily injury; (3) he used only the force reasonably necessary; and (4) he did everything in his power to avoid the danger and retreated if possible. *State v. Habermann*, 93 S.W.3d 835, 837 (Mo.App. E.D.2002). Movant was not be-

ing charged for any of his actions that occurred in the original fight between him and victim. Instead, he was charged for his actions after the initial fight was broken up and victim was placed in handcuffs and awaiting transport to the nurse. At that time, Movant initiated another confrontation with victim and smashed him into a steel door and hit him in the head while victim was in handcuffs.

Movant has pleaded no facts that would support his contention that he acted while in "immediate danger" or that he did everything in his power to avoid the danger. The facts, as alleged by Movant in his motion, would not support a viable defense of self-defense. *See, Guinan v. State*, 769 S.W.2d 427, 429 (Mo. banc 1989). Therefore, we find no clear error in the motion court's conclusion that his counsel was not ineffective for failing to advise Movant of this defense. Point denied.

The judgment is affirmed.

KATHIANNE KNAUP CRANE and BOOKER T. SHAW, JJ, concur.